IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

CROWN POINT HELICOPTER, LLC, )
)
    Plaintiff, ) CASE NO. 21-CV-1268
)
v. )
)
SOUTHWEST AVIATION INSURANCE ) JURY TRIAL DEMANDED
GROUP OF ARIZONA, INC., )
)
    Defendant. )

## COMPLAINT

Plaintiff Crown Point Helicopter, LLC, by its undersigned counsel, respectfully submits the following Complaint against Defendant Southwest Aviation Insurance Group of Arizona, Inc.:

## INTRODUCTION

1. Plaintiff brings this action for negligence and breach of contract based on Defendant's failure to procure the requested insurance coverage for a helicopter garaged in Kenosha, Wisconsin, which was involved in an accident on August 11, 2021 outside Chicago Executive Airport in Prospect Heights, Illinois. Plaintiff seeks damages to the helicopter, which should have been covered were it not for Defendant's breach of its' duty to procure coverage.

## PARTIES

2. Plaintiff Crown Point Helicopter, LLC is a Wisconsin limited liability company with its principal office at 7860 Lehigh Avenue, Morton Grove, Illinois 60053. Plaintiff is and was at all relevant times the owner of a 2020 four-seat Robinson R44 helicopter hangered at the Kenosha Regional Airport in Kenosha, Wisconsin.

3. Defendant Southwest Aviation Insurance Group of Arizona, Inc. is an Arizona corporation with its principal place of business at 14415 N. 73rd Street, Scottsdale, Arizona 85260.

Defendant Southwest Aviation Insurance Group of Arizona, Inc. is an insurance broker that holds itself out as providing all lines of aviation insurance, including private and commercial aircraft, business jets, and helicopters.

## JURISDICTION & VENUE

4. The Court has jurisdiction over this matter under 28 U.S.C. §1332 and Wis. Stat. §§ 801.05(10), 801.05(4), and/or 801.05(5).

5. Venue is proper in this District under 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to Plaintiff's claim occurred in this District and this matter concerns a helicopter that was hangared in this District.

## BACKGROUND

6. In January 2021, while with his helicopter instructor in Kenosha, Wisconsin, Plaintiff's principal Ovidiu Astalus spoke over the telephone with one of Defendant's brokers about procuring physical damage and liability insurance coverage for Plaintiff's new Robinson R44 helicopter.

7. Mr. Astalus informed Defendant's broker that Plaintiff had just purchased the helicopter and needed to procure insurance coverage.

8. Ms. Astalus informed Defendant's broker the helicopter would be operated by Mr. Astalus as a student pilot under the instruction of his helicopter instructor while Mr. Astalus worked to obtain his helicopter pilot's license, as well as by his helicopter instructor.

9. Ms. Astalus informed Defendant's broker that he would be flying the helicopter solo both as a student pilot and when he obtained his helicopter pilot's license.

10. Mr. Astalus asked Defendant's broker to procure an insurance policy that covered Plaintiff's helicopter whether it was being operated by Mr. Astalus as a student pilot or by his helicopter instructor.

11. Mr. Astalus also informed Defendant's broker that he wished to be added as a named pilot under the policy when he received his helicopter pilot's license.

12. Defendant's broker agreed to procure for Plaintiff a physical damage and liability insurance policy that covered Plaintiff's helicopter while it was being operated by Mr. Astalus as a student pilot or by Mr. Astalus' instructor.

13. Defendant's broker agreed that Mr. Astalus should notify him when Mr. Astalus obtained his helicopter pilot's license so that Mr. Astalus' could be changed from a student pilot to a named pilot under the policy.

14. On January 25, 2021, Defendant's broker sent Mr. Astalus a quote, indicating that coverage could be bound with U.S. Specialty Insurance Company in exchange for payment of a premium.

15. Plaintiff accepted this offer and agreed to finance the premium.

16. Plaintiff paid all premiums and took all actions required to bind coverage.

17. On January 25, 2021, Defendant's broker sent Mr. Astalus a letter confirming that coverage had been bound with U.S. Specialty Insurance Company, effective January 27, 2021.

18. U.S. Specialty Insurance Company issued to Plaintiff Policy No. AC3020525-00, effective January 27, 2021 to January 27, 2022.

19. On or about March 26, 2021, Mr. Astalus notified Defendant's broker that he obtained his pilot's license and asked to be added as a named pilot under the policy.

20. Defendant's broker agreed to add Mr. Astalus as a named pilot under the policy.

3

21. On or about August 11, 2021, Plaintiff's helicopter sustained substantial damage in an accident outside Chicago Executive Airport in Prospect Heights, Illinois.

22. Plaintiff submitted a claim under the U.S. Specialty policy in relation to the accident.

23. On August 16, 2021, U.S. Specialty issued correspondence to Plaintiff, which was addressed to Mr. Astalus, stating that "[i]t does not appear that you are identified as a named pilot on the policy."

24. U.S. Specialty has not accepted coverage for the August 11 accident.

### COUNT I – NEGLIGENCE

25. Plaintiff realleges and incorporates Paragraphs 1 through 24 as though fully set forth herein.

26. Defendant, through its broker, owed Plaintiff a duty to exercise reasonable care, skill, and diligence in procuring insurance coverage for Plaintiff.

27. To the extent Mr. Astalus was not added as a student and/or named pilot under the policy, Defendant breached this duty, including by: (a) failing to procure the insurance coverage requested by Plaintiff; (b) failing to procure the insurance coverage reasonably called for under the circumstances; and/or (c) failing to recognize that the policy issued did not provide the insurance coverage requested and/or reasonably called for under the circumstances.

28. As a result of Defendant's breach of its duty to Plaintiff, Plaintiff has suffered damages, as set forth above.

### COUNT II – BREACH OF CONTRACT

29. Plaintiff realleges and incorporates Paragraphs 1 through 24 as though fully set forth herein.

30. Plaintiff entered into a contract with Defendant under which Defendant agreed to procure physical damage and liability insurance coverage for Plaintiff's helicopter that named Mr. Astalus as a student pilot, and later a named pilot, in exchange for payment of a premium.

31. Plaintiff made all payments required and performed all conditions precedent and its obligations under the parties' contract.

32. Defendant breached the contract to the extent it failed to procure a policy that included Mr. Astalus as a student or named pilot.

33. As a result of Defendant's breach of contract, Plaintiff has suffered damages, as set forth above.

WHEREFORE, Plaintiff Crown Point Helicopter, LLC respectfully requests that the Court enter judgment in its favor and against Defendant Southwest Aviation Insurance Group of Arizona, Inc., awarding Plaintiff damages, pre and post-judgment interest, costs, and expenses.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

DATE: November 2, 2021

Respectfully Submitted,

CROWN POINT HELICOPTER, LLC

By: /s/ Marko Duric

Marko Duric
Attorney for Plaintiff
ROBERTSON DURIC
One North LaSalle, Suite 300
Chicago, Illinois 60602
Telephone: (312) 223-8600
E-mail: marko@robertsonduric.com